No. 55,618

STATE OF KANSAS, *Petitioner,* v. ROBERT E. LAUBENGAYER, *Respondent.*

(666 P.2d 727)

On April 21, 1983, a panel of the Board for Discipline of Attorneys filed its report with the Clerk of the Appellate Courts in which they found the respondent, Robert E. Laubengayer, a member of the bar of this State, guilty of a violation of the Code of Professional Responsibility, DR 6-101(A)(3). 230 Kan. cxxii.

Joe M. Sahlfeld was injured on his job in April of 1977. He received workmen's compensation payments from his employer's insurance carrier until August, 1978, at which time he was offered a lump sum settlement of $6,700.00. Mr. Sahlfeld, being dissatisfied with the offer, retained respondent to represent him in securing a more adequate award. Respondent did very little in representing his client and in May of 1980, Mr. Sahlfeld died from causes not connected with his injury on the job. The panel made findings of fact, conclusions and recommendations as follows:

"FINDINGS OF FACT

"1. That the respondent, Robert E. Laubengayer, is an attorney at law, with his last registered address being at P. O. Box M, Ellsworth, Kansas 67439.

"2. That the Sahlfeld family, specifically Joe M. Sahlfeld and Mary Sahlfeld entrusted to the respondent a claim concerning an injury sustained by Joe M. Sahlfeld while in the course of employment, which claim was in the nature of a workmen's compensation claim, and that the respondent accepted this employment in October of 1978. That the respondent only wrote one letter of inquiry to Dr. Lance concerning the injury to Joe M. Sahlfeld and that he received a letter back from a different doctor, which letter only concerned the other physical problems of Joe M. Sahlfeld. That the respondent directed no other letters or communications to any other doctors in relation to the claim and injury of Joe M. Sahlfeld.

"3. That the respondent did nothing further than look in a telephone book for the address of Crawford Insurance Company, which was the insurance company handling the claim for the employer.

"4. That at no time did respondent ever inform Joe M. Sahlfeld or his wife, Mary Sahlfeld, about the procedure in relation to workmen's compensation claims or the fact that they had certain times within which to file such things as claim for compensation or written request for hearing.

"5. That respondent let these deadlines expire and did not file said claims or notices.

"6. That respondent did not inform Joe M. Sahlfeld or Mary Sahlfeld of the

requirements and legal procedures in a workmen's compensation claim. That as a result Joe M. Sahlfeld was not able to collect the lump sum settlement offer of $6,700, and his widow Mary Sahlfeld is unable to collect the same. That Joe M. Sahlfeld died in May of 1980 of causes other than that sustained in the workmen's compensation case.

"7. That the respondent did not communicate adequately with the Sahlfelds concerning the claim.

### "CONCLUSION

"The panel concludes as follows:

"That the respondent is guilty of a violation of DR 6-101(A)(3), in that he neglected a legal matter entrusted to him.

### "RECOMMENDATION

"It is the unanimous recommendation of the panel that respondent be given a public censure by the Supreme Court of the state of Kansas."

Respondent took no exceptions to the report of the panel and appeared before this court on the 10th day of June, 1983, pursuant to the orders of this court under Rule 212(d) (230 Kan. civ-cv).

The court, having heard statements of the respondent and the disciplinary counsel and being fully advised in the premises, finds that the report and recommendations of the panel of the Board for Discipline of Attorneys should be accepted and approved.

IT IS THEREFORE BY THE COURT ORDERED that the report of the panel of the Board for Discipline of Attorneys be and the same is hereby accepted and approved.

IT IS FURTHER BY THE COURT ORDERED that the respondent be and he is hereby disciplined by Public Censure, the costs herein are assessed to the respondent, and the Reporter of the Appellate Courts is directed to publish this order in the official Kansas Reports.

Effective this 15th day of July, 1983.